

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00218-CR

---

**LEE MCKINE, JR., APPELLANT**

**V.**

**THE STATE OF TEXAS**

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-1167, Honorable William R. Eichman II, Presiding

June 18, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

A jury convicted Appellant, Lee McKine, Jr., of the murder[1] of Alexandria Garcia and assessed punishment at life imprisonment. Appellant's counsel has filed a motion to withdraw, supported by an *Anders*[2] brief. We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(3).

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

**BACKGROUND**

Early in the morning of September 17, 2002, Appellant was at an after-hours club located in a storage unit on the outskirts of Lubbock, Texas. While there, Appellant and others got in a fight. The dispute escalated and spilled into the parking lot. Security camera video showed Appellant brandishing and possibly firing a handgun described as an AK-47 style pistol.

Appellant left the club with two female companions. As Appellant drove, he fired his handgun at an automobile occupied by some of his opponents from the club fight. One shot struck Garcia, a backseat passenger. Garcia was pronounced dead at a nearby hospital.

Meanwhile, Appellant and his two companions went to a home where they hid the firearm under a mattress. They then returned to the club to retrieve Appellant's phone. En route, sheriff's deputies stopped Appellant for a traffic violation, and he was arrested on an outstanding warrant arising from another matter. His two passengers were allowed to return home, where they posted social media videos dancing with Appellant's firearm.

Law enforcement's investigation led to Appellant's two female companions. Both identified Appellant as the shooter. Both received testimonial immunity and testified at trial.

Appellant pleaded not guilty. After the close of evidence, the jury quickly returned with a guilty verdict. At punishment, Appellant pleaded true to two enhancement allegations that raised the sentencing range from 5–99 years to 25–99 years. The jury assessed life imprisonment, and the trial court imposed sentence accordingly. Appellant filed a motion for new trial, which was overruled by operation of law.

ANALYSIS

In support of her motion to withdraw, appellate counsel certifies that she conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Via an explanatory letter to Appellant, counsel provided Appellant with her motion to withdraw and a copy of her *Anders* brief. In a notice filed with the Court, counsel certified that a copy of the record was delivered to Appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–20, 320 n.22 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, the Court also advised Appellant of the right to file a pro se response to counsel's *Anders* brief. Appellant filed a response presenting a narrative of background facts and expressing his concerns with trial procedure.

We have carefully reviewed counsel's *Anders* brief and Appellant's pro se response and conducted an independent review of the record to determine whether there are any nonfrivolous issues which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Based on this review, we conclude there are no grounds requiring reversal of Appellant's conviction or sentence.

Although we affirm the conviction, the judgment contains one error requiring correction. The nunc pro tunc judgment of conviction orders an additional fee will be added if court costs are not paid within thirty-one days of this judgment. Texas Code of Criminal Procedure article 102.030(a) requires convicted defendants to pay a $15

reimbursement fee if they pay any fines, court costs, or restitution more than thirty-one days after judgment. TEX. CODE CRIM. PROC. ANN. art. 102.030(a).

The judgment nunc pro tunc was signed June 21, 2024; Appellant's notice of appeal was filed one day earlier. A defendant's appeal suspends the duty to pay fines, court costs, and restitution, making assessment of a time payment fee premature before the appellate mandate issues. *Dulin v. State,* 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021).

We possess authority to modify an incorrect judgment when we have the necessary information to do so. *Campos-Dowd v. State,* No. 07-20-00342-CR, 2021 Tex. App. LEXIS 4553, at *7 (Tex. App.—Amarillo June 9, 2021, no pet.) (per curiam) (citing TEX. R. APP. P. 43.2(b)). Since mandate has not yet issued, we delete the time payment fee from the judgment without prejudice to subsequent assessment. *See Pruitt v. State,* 646 S.W.3d 879, 885–86 (Tex. App.—Amarillo 2022, no pet.).

## CONCLUSION

Counsel's motion to withdraw is granted. As modified, the trial court's judgment nunc pro tunc is affirmed.[3]

> Lawrence M. Doss
> Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.